IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| LEIGH ANN LUNDVALL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>BILLINGS CLINIC,<br><br>　　　　　Defendant. | CV -21-46-BLG-SPW-TJC<br><br>**ORDER** |

Plaintiff has filed an Unopposed Motion to Seal the Complaint. (Doc. 5.) Plaintiff contends the Complaint should be sealed because it contains confidential medical information that relates to her claim under the Americans with Disabilities Act.

There is "a strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1135 (9th Cir. 2003). Accordingly, "[a] party seeking to seal a judicial record [] bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006).) "That is, the party must 'articulate compelling reasons supported by specific factual findings,' that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Id.* at 1178-79

(internal citations omitted). Courts have generally found "[t]he need to protect medical privacy qualifies as a 'compelling reason' that overcomes the presumption of public access to judicial records." *Abbey v. Hawaii Employers Mut. Ins. Co.*, 760 F.Supp.2d 1005, 1013 (D. Haw. 2010). *See also Lombardi v. TriWest Healthcare All. Corp.*, 2009 WL 1212170, *1 (D. Ariz. May 4, 2009 (sealing exhibits that contained sensitive personal and medical information).

Any sealing order, however, "must consider and use less restrictive alternatives that do not completely frustrate the public's First Amendment and common law rights of access." *Perry v. City & Cty. of San Francisco*, 2011 WL 2419868, *21 (9th Cir. Apr. 27, 2011). Sealing should be limited "to information that was actually sensitive," *i.e.,* only such parts of the Complaint as necessary to protect Plaintiff's privacy interest. *Press-Enter. Co. v. Superior Ct. of California, Riverside Cty.*, 464 U.S. 501, 513 (1984).

Here, the Court finds Plaintiff's interest in protecting her confidential medical information outweighs the public's minimal interest in viewing it, particularly in light of the fact the litigation never progressed beyond the filing of the Complaint. Nevertheless, not all of the information in the Complaint is private. Plaintiff, therefore, will be required to file a redacted complaint.

Accordingly, IT IS HEREBY ORDERED that the Complaint (Docs. 1, 3,

and 4[1]) shall be SEALED.  Plaintiff shall re-file a redacted Complaint by **June 25, 2021**.

    IT IS ORDERED.

    DATED this 14th day of June, 2021.

                                                            _____
                                                            TIMOTHY J. CAVAN
                                                           United States Magistrate Judge

---

[1] Because the Court is unable to seal selected portions of electronically-filed documents, the Court must seal the Notice of Removal and State Court File as well.